IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MURRAY STANFORD,

    Petitioner,                    No. CIV S-10-438 FCD DAD P

    vs.

WARDEN GONZALES,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on January 29, 2008 in the Sacramento County Superior Court on charges of conspiracy to transport, sell or furnish cocaine base; with findings that he had suffered six prior serious felony convictions and a prior drug conviction, and that he had served a prior prison term. Petitioner seeks habeas relief on the grounds that: (1) the trial court's true finding on the prior serious felony allegations violated his right to due process; and (2) the evidence introduced at his trial was insufficient to support his conviction. Respondent filed an answer on May 12, 2010, and petitioner filed a traverse on June 16, 2010.

        On November 1, 2010, petitioner filed a motion for "partial summary judgment." Therein, he argues that judgment should be entered in his favor on his first ground for relief. He

1

contends that respondent's answer "does not deny any of the 'specific' legal and materially factual allegations petitioner raises in his 2254 habeas petition . . . ." (Mot. for Partial Summary Judgment, at 4.)  A review of the pleadings filed by petitioner in this matter reflect that his motion for summary judgment is essentially a restatement and/or elaboration of the claims and arguments contained in his original habeas petition and traverse.  Petitioner's habeas petition is submitted to the court for decision and will be decided in due course.  Under these circumstances, the court will construe petitioner's arguments contained in his motion for partial summary judgment as supplemental points and authorities to be considered along with petitioner's other filings when the court addresses the merits of the habeas petition.  The court declines to issue a piecemeal ruling on one of petitioner's habeas claims through a motion for summary judgment.  Rather, all of petitioner's arguments filed in support of the claims contained in his habeas petition will be considered when the court issues findings and recommendations in response to the original petition.

On December 1, 2010, petitioner filed a motion "To Consider the Imposition of Sanctions due to the Respondent's Noncompliance with the Rules."  Therein, petitioner argues that respondent's opposition to his motion for partial summary judgment improperly failed to "acknowledge" the statement of undisputed facts contained in the motion, and failed to include its own statement of disputed facts, in violation of the Federal Rules of Civil Procedure.  (Mot. for Sanctions, at 2.)  Petitioner requests that the court sanction respondent for these failures by finding that respondent has waived opposition to the motion for partial summary judgment and by deeming the motion unopposed.  (Id.)

The court does not find good cause to sanction respondent for the perceived deficiencies in his opposition to petitioner's motion for partial summary judgment.  As explained above, the court has determined that all of petitioner's arguments contained in the summary judgment motion should be construed as supplemental points and authorities to petitioner's original claims and, as such, are more appropriately considered when the court addresses the

merits of petitioner's habeas petition.  Under these circumstances, petitioner's objections to respondent's opposition to the motion for partial summary judgment are unavailing.  Accordingly, petitioner's motion for sanctions will be denied.

For the foregoing reasons, IT IS ORDERED that:

1.  Petitioner's motion for partial summary judgment filed November 1, 2010 (Doc. No. 20), is construed as supplemental points and authorities in support of the habeas corpus petition filed in this action and is denied on that basis; and

2.  Petitioner's motion for sanctions filed December 1, 2010 (Doc. No. 24), is denied.

DATED: December 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
stanford438.msj

3